# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-978V
### Filed: November 19, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ELISABETH MENDES, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza Vaccination; |
| | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Lisa Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the influenza vaccination she received on October 26, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "opines that petitioner experienced a vaccine

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

site reaction to the intradermal flu vaccine administered on October 26, 2012."[3]  *Id.* at 3. Respondent agrees that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for entitlement."  *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Because the description of the injury conceded by respondent did not match exactly the injury alleged by petitioner, the OSM staff attorney contacted the parties by email communication to discuss the effect a ruling based on respondent's description of petitioner's injury would have on the issue of damages and to determine if either party objected to such a ruling.  The parties had no objection and did not believe the issue of damages would be affected.